IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY C. et al.,

    Plaintiffs,

v.                                       CASE NO. 4:17cv226-RH/CAS

BARBARA PALMER, in her
official capacity as Director of the
AGENCY FOR PERSONS WITH
DISABILITIES,

    Defendant.

_____/

**ORDER LIMITING THE PLAINTIFFS' INTERROGATORIES
AND SETTING A DEADLINE FOR ANSWERS**

The defendant moved for protection from multiple interrogatories—the defendant said the number was 119—served by the plaintiffs. The plaintiffs asserted they were each entitled to serve 25 interrogatories, apparently for a total of 225. The defendant disagreed. The order of October 7 set out the court's general approach to this issue and set a deadline for the plaintiff to respond to the motion for a protective order. The October 7 order included this provision on the deadline for any required answer to an interrogatory: "The deadline for the defendant's

response to any previously served interrogatory is any agreed deadline or, in the absence of agreement, the later of (a) 30 days after the interrogatory was served or (b) 14 days after entry of an order denying the motion for protection from the interrogatory." ECF No. 36 at 3.

According to the plaintiffs' response to the motion for a protective order, the parties conferred and reached an agreement on the interrogatories the defendant would answer, but the parties did not agree on the deadline for answers. This order sets a deadline for the defendant to answer the agreed interrogatories.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, the party or attorney whose conduct necessitated the motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion without attempting in good faith to obtain the discovery without court action, or the failure to make discovery was "substantially justified," or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of

the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here, in light of the absence of controlling authority on the proper application of the 25-interrogatory limit for multiple parties with common interests, the plaintiffs' positon was substantially justified. This order does not award expenses.

IT IS ORDERED:

The amended motion for a protective order, ECF No. 34, is granted in part. The defendant must answer only those interrogatories she has agreed to answer. The deadline for serving answers is October 27, 2017.

SO ORDERED on October 23, 2017.

s/Robert L. Hinkle<br>United States District Judge