IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRANDY C. et al.,

    Plaintiffs,

v.                                            CASE NO. 4:17cv226-RH/CAS

BARBARA PALMER, in her
official capacity as Director of the
AGENCY FOR PERSONS WITH
DISABILITIES,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

The plaintiffs are individuals with substantial disabilities. They receive benefits from the State of Florida through its Agency for Persons with Disabilities. Under *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), a state violates the Americans with Disabilities Act if it unnecessarily isolates disabled individuals in institutions as a condition of providing them public assistance. The same standard applies under the Rehabilitation Act of 1973 to a state program that receives federal funds. *See* 29 U.S.C. § 794(a).

The plaintiffs brought this proposed class action against the Agency's Secretary in her official capacity. The plaintiffs assert that the Agency has put the plaintiffs at risk of institutionalization because of its recently adopted "iBudget" system for determining an individual's benefits. The plaintiffs assert this violates the *Olmstead* principle and entitles the plaintiffs to relief under the ADA and Rehabilitation Act. The plaintiffs further assert that the Agency's form of notice of an individual's right to a hearing on the benefit determination is deficient, thus violating the Due Process Clause and entitling the plaintiffs to relief under 42 U.S.C. § 1983.

Each side has moved for summary judgment. This order grants the Secretary's motion and denies the plaintiffs'.

Under the challenged system, an algorithm is used to determine an iBudget amount that sets a floor on the amount an individual may receive. An individual may, and many individuals do, obtain an individually determined additional amount, labeled "Significant Additional Needs" or "SANs" funding. If dissatisfied with a SANs determination, an individual is entitled to a hearing. A detailed, multipage notice advises the individual of the right to a hearing.

An individual's funding is never set below the iBudget amount and is never decreased while the SANs process goes forward. For an individual who requests a

hearing, funding is never decreased until the hearing has been concluded and a final determination has been made.

The plaintiffs' central assertion is that the iBudget algorithm is fatally flawed. Well qualified experts on each side have taken contrary positions on this issue. If this case turned on whether the iBudget algorithm is or is not well conceived—on whether the algorithm does or does not provide a useful estimate of an individual's proper benefit—the case could not properly be resolved on summary judgment. But the iBudget amount is a starting point that cannot be evaluated separately from SANs funding. What ultimately matters is not how a state arrives at a benefit amount but whether the state provides an adequate benefit. There is nothing in the iBudget-plus-SANs methodology that indicates funding for any individual will be deficient.

To be sure, the plaintiffs are individuals who face enormous hardships. They assert, and it undoubtedly is true, that uncertainty itself imposes an emotional burden. To the extent feasible, a system under which benefits are provided to individuals like these should be easy to navigate and should assure the availability of adequate benefits—assurance over and above that provided by the *Olmstead* principle and its enforceability in federal court. Even so, if risk itself, unaccompanied by an actual or imminent or likely denial of adequate benefits, becomes actionable at some level, that level has not been reached here. The

iBudget-plus-SANs methodology, if properly implemented, will not violate the ADA or Rehabilitation Act.

The plaintiffs have not shown that any individual—any named plaintiff or proposed class member—has lost funding or is likely to lose funding because of the iBudget-plus-SANS methodology. The speculative risk that at some future point some individual *might* lose funding is not a basis for recovery and indeed does not even provide standing. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) (holding that a person who had been subjected to a chokehold in the past had no standing to seek injunctive relief against the city's practice of using chokeholds because there was not a "sufficient likelihood that he will again be wronged in a similar way"); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). The plaintiffs have standing here because their challenge goes beyond the prospective loss of funding; they challenge a system that is actively being applied to the plaintiffs themselves. Still, the *Lyons* principle is relevant; it confirms that a speculative risk is not a basis for recovery.

At a recent status conference, the plaintiffs asserted that a class member did not receive a sufficient *increase* in benefits and that this led to institutionalization. The summary-judgment record does not include evidence supporting that assertion. More importantly, through three amended complaints, the plaintiffs' focus has been on the iBudget-plus-SANs system, the allegedly flawed algorithm that is the

system's starting point, and the risk that individuals will suffer a decrease in benefits as a result. The plaintiffs have not asserted and could not plausibly assert that determining benefits through individual hearings violates the ADA or Rehabilitation Act, at least so long as the hearings turn on appropriate substantive standards. Nor could a challenge to one individual's outcome, without more, provide a basis for classwide relief of the kind the plaintiffs seek. That an individual has suffered, and others may suffer, improper SANs determinations in violation of the ADA and Rehabilitation Act may provide a basis for relief, even classwide relief, in an appropriate action, but that is not the claim asserted in the third amended complaint.

The Secretary thus is entitled to summary judgment on the ADA and Rehabilitation Act claims. The Secretary also is entitled to summary judgment on the claim that her form of notice violates the Due Process Clause. The notice is not perfect, but it is constitutionally adequate.

For these reasons,

IT IS ORDERED:

1. The Secretary's summary-judgment motion, ECF No. 58, is granted.

2. The plaintiffs' summary-judgment motion, ECF No. 61, is denied.

3. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the named plaintiffs recover nothing

on their claims against the defendant Secretary of the Agency for Persons with Disabilities in her official capacity. The claims are dismissed on the merits."

4. The plaintiffs' motion to certify a class, ECF No. 60, and motion to exclude expert testimony, ECF No. 81, are denied as moot.

SO ORDERED on September 29, 2018.

s/Robert L. Hinkle
United States District Judge